### BRENTMORE REALTY CO. v. WELD.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

LANDLORD AND TENANT (§ 187*)—RENT—AMOUNT AND INSTALLMENTS.

Where a tenant, who was entitled to leave the premises because of their uninhabitable condition, agreed to remain two weeks of a particular month, upon the express promise of the landlord's superintendent, who was not shown to have authority to make such promise, that the objec-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tionable condition would be remedied, the promise was without considera-
tion, and the tenant, not having filed a counterclaim, is liable for the
rent for the entire month, although he moved out at the end of the two
weeks.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
770–775; Dec. Dig. § 187.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Brentmore Realty Company against Arthur Weld.
Judgment for defendant, and plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Samuel S. Kogan, of New York City, for appellant.
Franklin Bien, of New York City, for respondent.

PER CURIAM. This action is brought to recover for rent of
premises leased to the defendant, the rent claimed being for the month
of July, 1912. The defense is a constructive eviction. The defendant
rented of plaintiff a four-room apartment for a term of 4½ months,
beginning March 15, 1912, and ending September 30, 1912. He entered into possession, and remained until July 17, 1912. The rent for
July was not paid. When defendant made the lease, and during the
term of his occupancy of the premises, there was situated upon the adjoining premises, and distant from the rear windows of defendant's
apartment about 115 feet, a carpet-cleaning establishment. The defendant claims that dust and dirt came into the rooms in such quantities as to render them uninhabitable. He also claims that when the
July rent became due he only agreed to continue to remain in the premises upon the express promise of the plaintiff's superintendent to "fix
up" this condition if defendant would stay two weeks longer, which he
did, but moved out on July 17th, when the obnoxious condition was not
remedied.

Assuming, but not deciding, that the defendant having full knowledge of the existence of the carpet-cleaning establishment when he
rented, and even though the cause of the trouble was beyond the control of the plaintiff, the defendant would be justified in removing from
the premises, it is clear that the alleged agreement made on July 1st
was without consideration, and the superintendent was not shown to
have had authority to make it. The rent was due July 1st, and the
defendant pleads no counterclaim. The landlord is therefore entitled
to the entire month's rent. Doctor v. Wasson (Sup.) 147 N. Y.
Supp. 341.

Judgment reversed, with costs, and judgment directed for plaintiff
for the sum of $62.50, less defendant's counterclaim of $2.30, and appropriate costs in the court below.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes